

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Hubert Bend, Jr., a/k/a
Ricardo K.,[1]
Complainant,

v.

R. Alexander Acosta,
Secretary,
Department of Labor,
Agency.

Appeal No. 0120180316

Hearing No. 410-2015-00050X

Agency No. 16-04-039

## DECISION

The Equal Employment Opportunity Commission (EEOC or Commission) accepts Complainant's appeal, pursuant to 29 C.F.R. § 1614.403(a), from the Agency's final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

During the relevant time, Complainant worked as an Investigator in the Labor, Wage and Hour Division of the Agency's District Office in Atlanta, Georgia. Believing he was subjected to discriminatory harassment based on race (African-American) and disability, Complainant filed a formal complaint on January 5, 2016. The Agency framed the claims as follows:

1. On July 22, 2015, a management official instructed Complainant to report to the office on July 23, 2015, even though he was allegedly on leave provided under the FMLA.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2.     On July 23, 2015, a management official told Complainant that he was "crazy" and "had issues".

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant timely requested a hearing. The Agency submitted a motion for a decision without a hearing. Thereafter, on September 8, 2017, the AJ issued a decision by summary judgment in favor of the Agency.

The Agency issued its final order adopting the AJ's finding that Complainant failed to prove discrimination as alleged. The instant appeal followed.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, *de novo*. See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a *de novo* review…"); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed *de novo*).

In order to successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence, and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the Agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we **AFFIRM** the Agency's final order adopting the AJ's decision.

3                                                                   0120180316

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

4                                                                                            0120180316

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations

**JUN 1 3 2018**
Date

5                                                                                  0120180316

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Hubert Bend, Jr.
9015 Millican Trail
Montgomery, AL  36117


Naomi Barry-Perez, Director
Civil Rights Center
Department of Labor
200 Constitution Ave., NW  #N4123
Washington, DC  20210


**JUN 1 3 2018**
Date

_____
Compliance and Control Division