IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HUBERT BEND, JR.
    PLAINTIFF

V.                                                    CIVIL ACTION NO.
                                                      1:19-CV-4295-JPB-JSA
EUGENE SCALIA, SECRETARY
U.S. DEPARTMENT OF LABOR,
    DEFENDANT


PLAINTIFFS RESPONSE TO DEFENDANTS MOTION
TO DISMISS, 12(b)(6)

Comes now the Plaintiff, HUBERT BEND, JR., who hereby submits his response to Defendants Motion to Dismiss and states as follows:

1. STATEMENT OF FACTS

THE COURT has Ruled and Ordered ON DEFENDANTS MOTION TO DISMISS

DEFENDANT offers various arguments (A-D) in support of its MOTION TO DISMISS, IN PARTICULAR THE REHABILITATION ACT.

I provide in response to defendants arguments Exhibit A-1

Exhibit B-1 in response to defendants argument listed as B

Exhibits B-1 and C-1 in response to defendants argument listed as C

Defendants argument listed as D
I provide Exhibit A-1, and A-1e and contend that the statement "to provide for the recovery of compensation and punitive damages in cases of intentional violations of Title VII, the ADA, and Section 501 of the Rehab Act" waives defendants sovereign immunity

Conclusion
It is my belief that the defendants request for dismissal be denied. Defendant has provided the Record of Investigation

Respectfully submitted this 13th day of December 2019.

Hubert Bend Jr

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HUBERT BEND, JR
  PLAINTIFF

V.

CIVIL ACTION NO.
1:19-CV-4295-JPB-JSA

EUGENE SCALIA, SECRETARY
U.S. DEPARTMENT OF LABOR
  DEFENDANT

CERTIFICATE OF SERVICE

I hereby Certify that on 13 December 2019 I have served by U.S. Mail to the defendant as listed below:

Y. SOO JO
AUSA
600 U.S. COURTHOUSE
75 TED TURNER DR SW
ATLANTA, GA 30303



Home > Laws, Regulations & Guidance > Statutes

# The Rehabilitation Act of 1973

## Sections 501 and 505

*EDITOR'S NOTE: The following is the text of Sections 501 and 505 of the Rehabilitation Act of 1973 (Pub. L. 93-112) (Rehab. Act), as amended, as these sections will appear in volume 29 of the United States Code, beginning at section 791. Section 501 prohibits employment discrimination against individuals with disabilities in the federal sector. Section 505 contains provisions governing remedies and attorney's fees under Section 501. Relevant definitions that apply to sections 501 and 505 follow these sections.*

*Section 512 of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA) and the Rehabilitation Act Amendments of 1992 (Pub. L. 102-569) amended definitions applicable to the Rehab. Act. In addition, section 102 of the Civil Rights Act of 1991 (Pub. L. 102-166) (CRA) (which is printed elsewhere in this publication) amended the statutes by adding a new section following section 1977 (42 U.S.C. 1981), to provide for the recovery of compensatory and punitive damages in cases of intentional violations of Title VII, the ADA, and section 501 of the Rehab Act. The Americans with Disabilities Act Amendments Act of 2008 (Pub. L. 110-325) (ADAAA) further amended the definition of "individual with a disability."*

*Most recently, the Lilly Ledbetter Fair Pay Act of 2009 (Pub. L. 111-2) amended Title VII, the Age Discrimination in Employment Act of 1967, the ADA and the Rehab Act to clarify the time frame in which victims of discrimination may challenge and recover for discriminatory compensation decisions or other discriminatory practices affecting compensation.*

*ADAAA amendments and Lilly Ledbetter Fair Pay Act amendments appear in boldface type. Cross references to the Rehabilitation Act as enacted appear in italics following each section heading. Editor's notes also appear in italics.*

A-1

## DEFINITIONS

SEC. **705** *[Section 7]*

For the purposes of this chapter:

\* \* \*

(10) Drug and illegal use of drugs

    (A) Drug

    The term "drug" means a controlled substance, as defined in schedules I through V of section 202 of the Controlled Substances Act (21 U.S.C. 812).

    (B) The term "illegal use of drugs" means the use of drugs, the possession or distribution of which is unlawful under the Controlled Substances Act *[21 U.S.C. 801 et seq.]*. Such term does not include the use of a drug taken under supervision by a licensed health care professional, or other uses authorized by the Controlled Substances Act *[21 U.S.C. 801 et seq.]* or other provisions of Federal law.

\* \* \*

(20) Individual with a disability

(B) Certain programs; limitations on major life activities

Subject to subparagraphs (C), (D), (E), and (F), the term "individual with a disability" means, for purposes of sections 701, 711, and 712 of this title and subchapters II, IV, V, and VII of this chapter [29 U.S.C. §§ 760 et seq., 780 et seq., 790 et seq., and 796 et seq.], **any person who has a disability as defined in section 12102 of Title 42**.

(C) Rights and advocacy provisions

(i) In general; exclusion of individuals engaging in drug use

For purposes of subchapter V of this chapter [29 U.S.C. § 790 et seq.], the term "individual with a disability" does not include an individual who is currently engaging in the illegal use of drugs, when a covered entity acts on the basis of such use.

(ii) Exception for individuals no longer engaging in drug use

Nothing in clause (i) shall be construed to exclude as an individual with a disability an individual who--

(I) has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been

rehabilitated successfully and is no longer engaging in such use;

(II) is participating in a supervised rehabilitation program and is no longer engaging in such use; or

(III) is erroneously regarded as engaging in such use, but is not engaging in such use;

except that it shall not be a violation of this chapter [29 U.S.C. § 701 et seq.] for a covered entity to adopt or administer reasonable policies or procedures, including but not limited to drug testing, designed to ensure that an individual described in subclause (I) or (II) is no longer engaging in the illegal use of drugs.

\* \* \*

(E) Rights provisions; exclusion of individuals on basis of homosexuality or bisexuality For the purposes of sections 791, 793, and 794 of this title--

(i) for purposes of the application of subparagraph (B) to such sections, the term "impairment" does not include homosexuality or bisexuality; and

(ii) therefore the term "individual with a disability" does not include an individual on the basis of homosexuality or bisexuality.

(F) Rights provisions; exclusion of individuals on basis of certain disorders

For the purposes of sections 791, 793, and 794 of this title, the term "individual with a disability" does not include an individual on the basis of--

(i) transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, gender identity disorders not resulting from physical impairments, or other sexual behavior disorders;

(ii) compulsive gambling, kleptomania, or pyromania; or

(iii) psychoactive substance use disorders resulting from current illegal use of drugs.

\* \* \*

## EMPLOYMENT OF INDIVIDUALS WITH DISABILITIES
SEC. 791. *[Section 501]*

(a) Interagency Committee on Employees who are Individuals with Disabilities; establishment; membership; co-chairmen; availability of other Committee resources; purpose and functions

There is established within the Federal Government an Interagency Committee on Employees who are Individuals with Disabilities (hereinafter in this section referred to as the "Committee"), comprised of such members as the President

may select, including the following (or their designees whose positions are Executive Level IV or higher): the Chairman of the Equal Employment Opportunity Commission (hereafter in this section referred to as the "Commission"), the Director of the Office of Personnel Management, the Secretary of Veterans Affairs, the Secretary of Labor, the Secretary of Education, and the Secretary of Health and Human Services. Either the Director of the Office of Personnel Management and the Chairman of the Commission shall serve as co-chairpersons of the Committee or the Director or Chairman shall serve as the sole chairperson of the Committee, as the Director and Chairman jointly determine, from time to time, to be appropriate. The resources of the President's Committees on Employment of People With Disabilities and on Mental Retardation shall be made fully available to the Committee. It shall be the purpose and function of the Committee (1) to provide a focus for Federal and other employment of individuals with disabilities, and to review, on a periodic basis, in cooperation with the Commission, the adequacy of hiring, placement, and advancement practices with respect to individuals with disabilities, by each department, agency, and instrumentality in the executive branch of Government and the Smithsonian Institution, and to insure that the special needs of such individuals are being met; and (2) to consult with the Commission to assist the Commission to carry out its responsibilities under subsections (b), (c), and (d) of this section. On the basis of such review and consultation, the Committee shall periodically make to the Commission such recommendations for legislative and administrative changes as it deems necessary or desirable. The Commission shall timely transmit to the appropriate committees of Congress any such recommendations.

(b) Federal agencies; affirmative action program plans

Each department, agency, and instrumentality (including the United States Postal Service and the Postal Regulatory Commission) in the executive branch and the Smithsonian Institution shall, within one hundred and eighty days after September 26, 1973, submit to the Commission and to the Committee an affirmative action program plan for the hiring, placement, and advancement of individuals with disabilities in such department, agency, instrumentality, or Institution. Such plan shall include a description of the extent to which and methods whereby the special needs of employees who are individuals with disabilities are being met. Such plan shall be updated annually, and shall be reviewed annually and approved by the Commission, if the Commission determines, after consultation with the Committee, that such plan provides sufficient assurances, procedures and commitments to provide adequate hiring, placement, and advancement opportunities for individuals with disabilities.

(c) State agencies; rehabilitated individuals, employment

The Commission, after consultation with the Committee, shall develop and recommend to the Secretary for referral to the appropriate State agencies,

policies and procedures which will facilitate the hiring, placement, and advancement in employment of individuals who have received rehabilitation services under State vocational rehabilitation programs, veterans' programs, or any other program for individuals with disabilities, including the promotion of job opportunities for such individuals. The Secretary shall encourage such State agencies to adopt and implement such policies and procedures.

(d) Report to Congressional committees

The Commission, after consultation with the Committee, shall, on June 30, 1974, and at the end of each subsequent fiscal year, make a complete report to the appropriate committees of the Congress with respect to the practices of and achievements in hiring, placement, and advancement of individuals with disabilities by each department, agency, and instrumentality and the Smithsonian Institution and the effectiveness of the affirmative action programs required by subsection (b) of this section, together with recommendations as to legislation which have been submitted to the Commission under subsection (a) of this section, or other appropriate action to insure the adequacy of such practices. Such report shall also include an evaluation by the Committee of the effectiveness of the activities of the Commission under subsections (b) and (c) of this section.

(e) Federal work experience without pay; non-Federal status

An individual who, as a part of an individualized plan for employment under a State plan approved under this chapter, participates in a program of unpaid work experience in a Federal agency, shall not, by reason thereof, be considered to be a Federal employee or to be subject to the provisions of law relating to Federal employment, including those relating to hours of work, rates of compensation, leave, unemployment compensation, and Federal employee benefits.

(f) Federal agency cooperation; special consideration for positions on President's Committee on Employment of People With Disabilities

(1) The Secretary of Labor and the Secretary of Education are authorized and directed to cooperate with the President's Committee on Employment of People With Disabilities in carrying out its functions.

(2) In selecting personnel to fill all positions on the President's Committee on Employment of People With Disabilities, special consideration shall be given to qualified individuals with disabilities.

(g) Standards used in determining violation of section

The standards used to determine whether this section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under title I of the Americans with

Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.

[42 U.S.C. § 2000e-5 note]

(b) REHABILITATION ACT OF 1973.— The amendments made by section 3 *[Lilly Ledbetter Fair Pay Act of 2009, PL 111-2, 123 Stat. 5]* shall apply to claims of discrimination in compensation brought under sections 501 and 504 of the Rehabilitation Act of 1973 (29 U.S.C. 791, 794), pursuant to—

> (1) sections 501(g) and 504(d) of such Act (29 U.S.C. 791(g), 794(d)), respectively, which adopt the standards applied under title I of the Americans with Disabilities Act of 1990 *[42 U.S.C. 12101 et seq.]* for determining whether a violation has occurred in a complaint alleging employment discrimination; and

> (2) paragraphs (1) and (2) of section 505(a) of such Act (29 U.S.C. 794a(a)) (as amended by subsection (c)).

## REMEDIES AND ATTORNEYS' FEES

SEC. 794a. *[Section 505]*

(a)(1) The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)) **(and the application of section 706(e)(3) (42 U.S.C. 2000e-5(e)(3)) to claims of discrimination in compensation)**, shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefore or other appropriate relief in order to achieve an equitable and appropriate remedy.

(2) The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 **(42 U.S.C. 2000d et seq.) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e-5), applied to claims of discrimination in compensation)** shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

(b) In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.





**U.S. Department of Labor**
Office of the Assistant Secretary for Administration and Management
Civil Rights Center

# Informal
**Complaint of Discrimination**

*Note: Complete, sign, date and return this form to the National Coordinator of EEO Counselors, Civil Rights Center*
*See additional pages for additional information or for help in completing this form*

**1a. Name:** HUBERT BEND, JR.

**2. Agency:** U.S. DEPT OF LABOR WAGE & HOUR
**Position Title/Grade:** INVESTIGATOR GS-12

**1b. Anonymity:** ☐ I would like to remain anonymous  ☑ I do not care to remain anonymous

**3a. Home Address:** 110 SALT CREEK POINT, SUGAR HILL, GA 30518

**3b. Office Address (if DOL employee):** 233 PEACHTREE STREET NE STE 650 ATLANTA, GA 30303

**4a. Telephone (including area code, extension):** 423.385.9305 (cell)
Home: 678.765.7256
Office: 678.237.0535

**4b. Email Address (CRC may contact you via email):**
Home: hubiedee14@comcast.net
Office: bend.jr.hubert@dol.gov

**5. Bases** (check as appropriate and specify where a blank is provided): DISABILITY HARASSMENT TITLE I ADA WORK PLACE VIOLENCE PROGRAM/HOSTILE WORK/FMLA AND TITLE VII

☐ Race:   ☐ Religion:   ☑ Sex:
☐ Color:   ☐ Age:   ☐ National Origin:
☐ Sexual Orientation:*   ☐ Parental Status:**   ☐ Genetic Information/Services:
☑ Disability: PTSD   ☑ Reprisal (Please specify the prior EEO activity and date): FILED EEO COMPLAINT IN 2009 AND IN 2014

*Protected by Executive Order 13087, not by Federal statute. Claims on this basis may request a final agency decision but have no hearing or appeal rights with the E.E.O.C.
**Protected by Executive Order 13152, not by Federal statute. Claims on this basis may request a final agency decision but have no hearing or appeal rights with the E.E.O.C.

**6. Specify the action(s) that gave rise to this complaint** (use the second page if needed):

Date(s) / Specific action(s)
22JUL15 - Contacted by DD WILLIAMS VIA EMAIL WHILE ON FMLA, told to report to his office on 23JUL15 @ 930AM VERBAL CONFRONTATION WITH DD WILLIAMS WHO THEN ASKED

**7. Please specify remedy(ies) you believe will resolve your complaint:**

**8. Person initially contacted on this matter:**
☑ EEO Counselor
☐ Civil Rights Center staff member
☐ Other (specify title):

**9. Individual's Name:** TAKEESHA WASHINGTON

**10. Individual's Telephone Number and Email Address:** 704 816 7363

**11. Have you filed a complaint on this same matter with:** N/A
☐ Administrative grievance system?
☐ A union (specify name and date _____)?
☐ Merit Systems Protection Board (MSPB)?

**If yes, date(s) of other filing(s):**

**12a. Representative's Name:**

**12b. Representative's Address:**

**12c. Representative's Telephone and Email Address:**

**Date:** 13 OCT 15   **Signature:** [signed Hubert Bend]

**CRC Use Only** Date Received by CRC:   Issue:   Case Number:

# Informal
**Complaint of Discrimination**

CRC-1 Revised 03/12

B-1

**WENDY BLANCHARD**
**Contract EEO Complaints Investigator**
113 High Street
Greenfield, MA 01301
Telephone: (413) 773-9466
Fax: (413) 773-9466
wablanchard@comcast.net

USPS TRACKING # 9405503699300323658178

May 13, 2016

Hubert Bend
110 Salt Creek Point
Sugar Hill, GA 30518

RE:   Bend v. DOL
      Case No. DOL-16-04-039
      Complaint filed January 6, 2016

Dear Mr. Bend:

I am an independent contract investigator assigned to investigate your EEO complaint (see attached assignment letter). The issues accepted for investigation are as follows:

**Whether the Wage and Hour Division (WHD) subjected Complainant to unlawful disparate treatment and/or a hostile work environment based on his race (Black) and/or disability (PTSD) when:**
1. On July 22, 2015, a management official instructed him to report to the office on July 23, 2015 even though he was on Family and Medical Leave Act (FMLA) leave; and
2. On July 23, 2015, a management official told him that he was informed that Complainant was "crazy" and that he had "issues."

(See the letter sent to you by the DOL Civil Rights Center.)

In an investigation, you, the Complainant, are required to give an affidavit (sworn or affirmed written testimony) of the facts which led you to believe that you were the victim of illegal/unlawful employment discrimination. **Your testimony will be obtained by mail.** You have the right to have a representative present to provide advice at any time you are asked for testimony during the processing of your complaint.

Enclosed are various questions I have relating to your EEO Complaint. Please follow the enclosed instructions on how best to respond to the questions. You will have the opportunity to add any other relevant material to your response.

C-1

00151

Affidavit A
Page 65 of 69

Hubert Bend
Case No.: DOL-16-04-039
May 13, 2016
Page 2

      <u>**Your completed affidavit must be postmarked no later than 15 days from receipt of this letter**</u>. Equal Employment Opportunity Commission (EEOC) Code of Federal Regulations (CFR) 1614.107 (a) (7) requires that the agency shall dismiss a complaint...."Where the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt or the complainant's response does not address the agency's request, provided that the request included a notice of proposed dismissal. Instead of dismissing for failure to cooperate, the complaint may be adjudicated if sufficient information for that purpose is available."

      This letter will serve as a **15 day notice** that if you do not proceed with this complaint by providing the information requested your complaint may be dismissed for failure to cooperate with the above cited EEOC Regulation. **You should be aware that you have a duty to respond fully and in a timely fashion to this request for an affidavit/documentation. Failure to do so may result in sanctions or other actions as specified in 29 CFR 1614.108(c)(3).**

      The complainant bears the burden of proof in a discrimination complaint. If you allege that you were treated differently because of your purview/basis of race/color, age (+40), sex, national origin, religion, mental or physical disability, or reprisal, you should explain why you believe your complaint is based on the cited purview(s). You must show that you were treated differently than people in a similar situation who are of an opposite or different race, sex, national origin, age, etc.

      **Your affidavit must be written in first person narrative on the forms provided.** Specific instructions are enclosed to assist you in answering the questions and/or providing the additional requested information.

      **Return the signed and dated (all pages) original to me at the address shown above within 15 days of your receipt of this letter.** Keep a copy for your records. If you have any questions concerning your affidavit, please contact me. If necessary, arrangements can be made for a conference call with you and/or your representative.

      Should you decide to withdraw your formal complaint, Form 2564-C (Withdrawal of Complaint of Discrimination) is enclosed for your signature. Keep a copy for your records.

      Thank you for your cooperation and timely response.

C-1a

Affidavit A
Page 66 of 69

00152

Hubert Bend
Case No.: DOL-16-04-039
May 13, 2016
Page 3

Regards,

*[signature: Blanchard]*

Wendy Blanchard
EEO Complaints Investigator

Enclosures:

Assignment Letter
Form 2568-A (EEO Investigative Affidavit)
Form 2569 (EEO Investigative Affidavit – Continuation Sheet)
Form 2571 (Certification)
Form 2565-A (Withdrawal of Complaint of Discrimination)
Instructions for completing affidavit

C-1b

MILLICAN TRL
GOMERY, AL 36117



U.S. POSTAGE PAID
FCM LG ENV
MONTGOMERY, AL
36119
DEC 13, 19
AMOUNT
$1.30
1000   30303   R2304W121244-4



CLEARED
DEC 16 2019
U.S. Marshals
Atlanta Ga

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
2211 UNITED STATES COURTHOUSE
75 TED TURNER DR. S.W.
ATLANTA, GA 30303