IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HUBERT BEND, JR. <br>      PLAINTIFF, <br><br>      *v.* <br><br><br> EUGENE SCALIA, SECRETARY, U.S. <br> DEPARTMENT OF LABOR, <br>      DEFENDANT. | Civil Action No. <br><br><br> 1:19-CV-4295-JPB-JSA |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

NOW COMES Defendant Eugene Scalia, Secretary of the U.S. Department of

Agriculture, in his official capacity as Secretary of the United States Department

of Labor, by and through the United States Attorney for the Northern District of

Georgia and the undersigned Assistant U.S. Attorney, and files this Reply to

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint

("Plaintiff's Response", Doc. 28).

As an initial matter, Plaintiff's Response was due to be filed by November 22, 2019 pursuant to Civil Local Rule 7.1(B).[1] Plaintiff filed his response on December 16, 2019 without seeking leave of court.

Moreover, Plaintiff's Response fails to provide argument or citations to authority to address any of the issues presented in Defendant's Motion to Dismiss. Instead, Plaintiff simply attaches documents purportedly in response to Defendant's arguments. In the Eleventh Circuit, a party's "failure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned." *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000); *see also McMaster v. United States*, 177 F.3d 936, 940–41 (11th Cir.1999) (noting that a claim may be considered abandoned when the allegation is included in the plaintiff's complaint, but he fails to present any argument concerning this claim to the district court) and *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir.1994) (concluding that a district court "could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for

---

[1] Defendant's Motion to Dismiss (Doc 23) was filed on November 5, 2019; thus, the fourteen (14) days provided for filing a response by Local Rule 7.1(B) with an additional three (3) days for mailing resulted in the response being due on November 22, 2019.

summary judgment"). In the appellate context, "[a]n issue may be abandoned where a party makes only a passing reference to it in his brief, does not discuss the district court's analysis of the issue, and does not make any legal or factual argument as to why the district court's decision was in error." *Lambert v. Bd. of Trustees*, 19-10621, 2019 WL 6273402, at *2 (11th Cir. Nov. 25, 2019) (citing *Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001)).

Here, rather than provide argument and citations to authority to address the arguments presented in Defendant's Motion to Dismiss, Plaintiff merely attaches what appear to be printouts from the U.S. Equal Employment Opportunity Commission (EEOC) website regarding the Rehabilitation Act of 1973 (Doc. 28, pp. 4-9), a copy of his informal U.S. Department of Labor Complaint of Discrimination (Doc. 28, p. 10), and a letter dated May 13, 2016 from a Department of Labor EEO investigator indicating the issues being accepted by the agency for investigation. None of these attachments—which Plaintiff fails to identify or analyze—constitute legal or factual arguments opposing Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim. The only portion of Plaintiff's Response in which he does more than refer to an attached document pertains to Defendant's argument that sovereign immunity bars private suits under the FMLA against the federal government. *See* Doc. 28, p. 2 and Doc. 23, pp. 16-17, section II.D.

Regarding that argument, Plaintiff offers Exhibits A-1 and A-1(e) (EEOC website information on The Rehabilitation Act of 1973, at Doc. 28, pp. 4 and 9) and "contend[s] that the statement to provide for the recovery of compensation and punitive damages in cases of intentional violations of Title VII, the ADA, and Section 501 of the 'Rehab Act' waives Defendant's sovereign immunity." Plaintiff fails to even mention the FMLA or cite any basis for his assertion that he has a private cause of action under the FMLA.

Because the failure of Plaintiff's untimely Response to address any of the issues cited in Defendant's Motion to Dismiss is grounds to find that Plaintiff has abandoned those issues, and for all the reasons cited in Defendant's Motion to Dismiss, Defendant requests that this Court grant his Motion to Dismiss Plaintiff's Complaint for failure to state a claim and dismiss this case in its entirety.

Respectfully submitted this 2nd day of January, 2020.

BYUNG J. PAK
*United States Attorney*

/s/ Y. Soo Jo
Y. Soo Jo
*Assistant United States Attorney*
Georgia Bar No. 385817
600 U.S. Courthouse
75 Ted Turner Drive SW

Atlanta, GA 30303
(404) 581-6000  fax (404) 581-6181
soo.jo@usdoj.gov

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that I prepared this document using Book Antiqua, 13-point font.

/s/ Y. Soo Jo
Y. Soo Jo
*Assistant United States Attorney*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HUBERT BEND, JR.
     PLAINTIFF,

    *v.*

R. ALEXANDER ACOSTA, SECRETARY,
U.S. DEPARTMENT OF LABOR,

    DEFENDANT.

Civil Action No.

1:19-CV-4295-JPB-JSA

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it

using the Court's CM/ECF system, and by mailing a true and correct copy thereof

via U.S. Mail, first-class, postage pre-paid, addressed as follows:

Hubert Bend, Jr.
9015 Millican Trail
Montgomery, AL  36117

This 2nd day of January, 2020.

/s/ *Y. Soo Jo*
Y. Soo Jo
*Assistant United States Attorney*

1